**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EDDIE G. MARTINEZ,

        Plaintiff,

        v.                                    No. CV 08-830 BB/CEG

DAVID EDMONSON, Commander,
DANIEL GONZALES, Agent,
CARROLL CAUDILL, Agent,
DANIEL J. VASQUEZ, Agent,
ALLEN D. SANCHEZ, JR., Agent,
ERIC J. JAMESON, Agent, and
PECOS VALLEY DRUG TASK FORCE,

        Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

        This matter is before me on "Defendants' Motion and Memorandum in Support of Defendants' Motion for Summary Judgment" (docket no. 29), filed June 11, 2009; "Plaintiff's Response to Oppose Defendants' Motion and Memorandum in Support of Defendants' Motion for Summary Judgment" (docket no. 34), filed July 6, 2009; "Defendants' Reply in Support of Defendants' Motion for Summary Judgment" (docket no. 38), filed July 15, 2009; "Plaintiff's Request for Telephonic Conference" (docket no. 30), filed June 11, 2009, and "Plaintiff's Motion for Summary Judgment" (docket no. 40), filed July 30, 2009.  Defendants asserts that: (i) Plaintiff's arrest and detention did not violate his constitutional rights and (ii) Defendants are entitled to qualified immunity.  See docket no. 29 at 7-12.  I agree, and, for the reasons below, recommend that Defendants' Motion for Summary Judgment be granted.

**Procedural Background**

        On or about August 4, 2008, Eddie G. Martinez ("Mr. Martinez" or "Plaintiff") filed his

original <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985 in the Fifth

Judicial District Court for the State of New Mexico, County of Eddy, naming the Pecos Valley

Drug Task Force and various law enforcement officers assigned to the Pecos Valley Drug Task

Force as Defendants.  <u>See</u> docket no. 1, exhibit A ("Plaintiff's Civil Right Complaint").

Plaintiff's Civil Rights Complaint alleges the Defendants violated his rights under the United

States Constitution by falsely arresting him, falsely imprisoning him, and engaging in an illegal

search of his person.  <u>See</u> <u>id.</u>  On or about September 11, 2009, Defendants removed the case

from the Fifth Judicial District Court for the State of New Mexico to the United States District

Court for the District of New Mexico.  <u>See</u> docket no. 1.[1]  On September 15, 2008, United States

District Judge Bruce D. Black referred the case to the undersigned "to perform any legal analysis

required to recommend to the Court an ultimate disposition of the case."  <u>See</u> docket no. 4.

On September 16, 2008, Defendants David Edmondson, Daniel Gonzales ("Agent

Gonzales"), Carroll Caudill, Daniel Vasquez and the Pecos Valley Drug Task Force filed their

answer to Plaintiff's Civil Right Complaint.  <u>See</u> docket no. 5.  On September 18, 2008,

Defendant Allen D. Sanchez, Jr. ("Agent Sanchez") filed his answer to Plaintiff's Civil Rights

Complaint.  <u>See</u> docket no. 7.  On December 18, 2008, the undersigned entered a Scheduling

Order, which, among other things, states "[p]retrial motions . . . shall be filed with the Court and

served on opposing party by June 12, 2009."  Docket no. 21 at 2.

On June 11, 2009, all Defendants, including Mr. Jameson, filed a Motion for Summary

Judgment.  <u>See</u> docket no. 29.  On the same day, Mr. Martinez filed a letter, which the Court has

---

[1]  Defendant Eric J. Jameson ("Agent Jameson") was not served at the time the case was
removed and the docket sheet in this case indicates Plaintiff has not served Mr. Jameson post-
removal.  <u>See</u> <u>id.</u> at 2.

construed as a Motion/Request for a Telephonic Hearing.  <u>See</u> docket no. 30.  On July 6, 2009,
Plaintiff filed his response in opposition to Defendants' Motion for Summary Judgment.  <u>See</u>
docket no. 34.  On July 15, 2009, Defendants filed a reply to Plaintiff's response.  <u>See</u> docket no.
38.  Also on July 15, 2009, Defendants filed a Notice of Completion of Briefing in compliance
with District of New Mexico Local Rule of Civil Procedure 7.4(a).  <u>See</u> docket no. 39.

**Factual Background**

The following facts, unless otherwise indicated, are undisputed.  For purposes of the
Motion for Summary Judgment filed by Defendants, all reasonable factual inferences are viewed
in the light most favorable to Plaintiff.  <u>See</u> <u>Atlantic Richfield Co. v. Farm Credit Bank of
Wichita</u>, 226 F.3d 1138, 1148 (10th Cir. 2000).  Though Plaintiff failed to timely respond to
Defendants' First Set of Request for Admissions, the Court has considered the late admissions
attached to Mr. Martinez's response to the Motion for Summary Judgment in the following
factual summary.  <u>See</u> docket no. 34, exhibit III ("Plaintiff's Responses to Defendants' First Set
of Request for Admissions").

Mr. Martinez, at all times material to the allegations in his Civil Rights Complaint, was a
resident of Carlsbad, Eddy County, New Mexico.  <u>See</u> <u>id.</u>  On January 30, 2007, Plaintiff was a
passenger in a yellow 1986 Cadillac traveling southbound between Artesia, New Mexico, and
Carlsbad, New Mexico, at approximately 8:00 a.m.  <u>See</u> <u>id.</u>  Mr. Edmondson, the commander of
the law enforcement officers assigned to the Pecos Valley Drug Task Force, received
information "from a credible and reliable confidential informant" that a yellow Cadillac bearing
New Mexico license number JBK567 was headed toward Carlsbad, New Mexico from the
Artesia, New Mexico area, and that the occupants possessed a large amount of drugs.  <u>See</u>
docket no. 29, exhibit 3 ("Affidavit of David Edmondson").  In response to this report, Mr.

3

Edmondson contacted members of the Pecos Valley Drug Task Force and assigned them to investigate.  See id.

As a result, the yellow Cadillac was stopped by a marked Eddy County Sheriff's patrol vehicle on State Road 524.  See Plaintiff's Responses to Defendants' First Set of Request for Admissions.  All three individuals in the Cadillac were asked to exit the vehicle, presumably for officer safety.  See Affidavit of David Edmondson, exhibit 3.  Agent Jameson advised a female occupant of the vehicle of her Miranda rights and the female stated to officers that she was a heroin addict and that she had syringes in her purse, which was in the Cadillac.  See id.  Agent Gonzalez advised Plaintiff of his Miranda rights and Mr. Martinez stated he understood.  See id.  Agent Gonzalez began to check Mr. Martinez's person and asked if there was anything in his pockets that could cut, stab, or poke him.  See id.  Mr. Martinez advised that he was not sure.  See id.  Agent Gonzalez stated he felt what he believed to be a syringe in Plaintiff's right front pocket.  See id.  In fact, Plaintiff did have a hypodermic needle and syringe in his pant pocket.  See Plaintiff's Responses to Defendants' First Set of Request for Admissions.  After the needle and syringe were discovered by Agent Gonzalez during the pat search following the traffic stop, Mr. Martinez was transported to the Eddy County Sheriff's Department for an interview.  See id.; Plaintiff's Responses to Defendants' First Set of Request for Admissions.

Mr. Martinez was in possession of a card issued by the State of New Mexico Department of Health that identified him as a participant in a syringe exchange program.  See Plaintiff's Responses to Defendants' First Set of Request for Admissions.  The syringe exchange program allowed Plaintiff to exchange used needles and syringes for unused ones at specific sites designated by the New Mexico Department of Health.  See id.  On January 30, 2007, Plaintiff was not on his way to or from a needle exchange site while a passenger in the Cadillac.  See id.

Mr. Martinez was arrested following the traffic stop.  See id.

After Plaintiff's arrest and during an inventory search of his items prior to being taken to jail, either two or three wallets were taken from Mr. Martinez's possession.  See id.; see also Plaintiff's Civil Rights Complaint at 4; Affidavit of David Edmondson, exhibit 3.  One of the wallets possessed a small amount of heroin.  See Affidavit of David Edmondson, exhibit 3.  In addition, a small amount of marijuana was found on Mr. Martinez's person following the arrest. See Plaintiff's Responses to Defendants' First Set of Request for Admissions.  A search warrant was obtained authorizing the search of the Cadillac and during the search, a maroon backpack was located.  See id.; Affidavit of David Edmondson, exhibit 3.  The maroon backpack contained individual doses of heroin and two sets of digital scales.  See Affidavit of David Edmondson, exhibit 3.  At the time of the traffic stop, the Cadillac was registered in the name of Mr. Martinez.  See id.; Plaintiff's Responses to Defendants' First Set of Request for Admissions. After Mr. Martinez was arrested, a criminal complaint was filed against him in the Magistrate Court of the State of New Mexico, County of Eddy, charging Plaintiff with possession with intent to distribute heroin, possession of marijuana under one ounce, possession of drug paraphernalia, and conspiracy to traffic heroin.  See docket no. 29, exhibit 3.

### Legal Standard

Summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  Summary judgment is appropriate "only where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Fuerschbach v. Southwest Airlines Co., 439 F.3d 1197, 1207 (10th Cir. 2006) (quoting

Rule 56(c)).  When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party.  See Muñoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1164 (10th Cir. 2000).

The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  See Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 671 (10th Cir. 1998).  If this burden is met, the nonmovant cannot rest on the pleadings, but must set forth specific facts by reference to affidavits, deposition transcripts, or other exhibits to support the claim.  See Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006) (citing Behrens v. Pelletier, 516 U.S. 299, 309 (1996)).

The nonmovant's burden is more than a simple showing of "some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Evidence relied upon in opposition to summary judgment "may be insufficient to create a triable fact if it is non-specific or otherwise non-responsive, vague, conclusory, or self-serving."  Piercy v. Maketa, 480 F.3d 1192, 1197-98 (10th Cir. 2007).  The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."  Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 875 (10th Cir. 2004).

## Analysis

**A.     Constitutional Violation**

In his Civil Rights Complaint, Mr. Martinez alleges his constitutional rights were violated because he was falsely or illegally arrested and illegally detained.  Though Plaintiff does not articulate a specific constitutional basis, the Court construes the Complaint to allege a violation of Fourth Amendment rights.  The Fourth Amendment is not violated, however, if an

individual is arrested pursuant to an observed violation of the law committed in the presence of a

law enforcement officer, or pursuant to a warrant issued upon probable cause.  See Tanberg v.

Scholtis, 401 F.3d 1151, 1159 (10th Cir. 2005) (citing State v. Salas, 986 P.2d 482, 486 (1999));

Brady v. Dill, 187 F.3d 104, 112 (10th Cir. 1999).  An officer actually has an obligation to

execute a warrant issued by an appropriate court.  See Brady, 187 F.3d at 112.

It is undisputed that Defendants arrested Mr. Martinez in this case after finding

contraband on his person and that the search of Mr. Martinez's Cadillac was performed pursuant

to a warrant issued by the Magistrate Court of Eddy County.  See docket no. 29, exhibit 3;

Plaintiff's Responses to Defendants' First Set of Request for Admissions.  Mr. Martinez does not

dispute that drug contraband, marijuana, and heroin were found on his person.  Rather, he

contends his needle exchange card prevented any search of his person and his arrest.  The Court

finds, however, that given Mr. Martinez's possession of a used, uncapped syringe and needle and

given the fact that he was not in transit to or from a needle exchange site, the possession of the

needle exchange card does not avert Plaintiff's violation of the drug laws or authorize him to

carry contraband or illegal narcotics.  Mr. Martinez does not contend the search warrant

executed on his car was not supported by probable cause, but simply argues the execution of the

warrant was premature, as the search warrant was executed before Assistant District Attorney

Amanda Lucero approved it telephonically.  See Plaintiff's Civil Rights Complaint at 7.  The

Court also finds this argument to be without merit as Mr. Martinez cites the Court to no authority

for the proposition that the execution of the warrant was premature.

Even if the Court were to conclude that the search warrant in this case was invalid, New

Mexico law permits an officer to make a warrantless arrest for a misdemeanor if the officer has

probable cause to believe the offense has occurred in his presence.  See Tanberg, 401 F.3d at

1157.   The undisputed facts in this case clearly establish that Mr. Martinez was a passenger in a vehicle stopped by the Eddy County Sheriff's patrol on January 30, 2007.  At the time of the traffic stop, Mr. Martinez had a hypodermic needle and syringe in his pant pocket, which were discovered by law enforcement during a pat down search following the traffic stop.  This provided the officer, Mr. Gonzalez, with probable cause to believe an offense had occurred in his presence.

Because Mr. Martinez's arrest and the subsequent search of his person were founded on probable cause and because the search of his vehicle was pursuant to a search warrant, Defendants are entitled to summary judgment.  The Court will nevertheless address Defendants' qualified immunity claim.

**B.      Qualified Immunity**

Summary judgment motions involving a qualified immunity defense require a somewhat different analysis.  See Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir. 1995).  "To reach the question of whether a defendant official is entitled to qualified immunity, a court must first ascertain whether the plaintiff has sufficiently asserted the violation of a constitutional right at all."  Romero, 45 F.3d at 1475 (citations omitted).  Accordingly, the Court must first determine whether Plaintiff's allegations, if true, state a claim for a violation of a constitutional right that was clearly established when Defendant acted.  See id.  "Whether an asserted federal right was clearly established at a particular time . . . presents a question of law" properly decided by the court.  Id.  "Decision of this purely legal question permits courts to expeditiously weed out suits which fail the test, without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits."  Id.

In order to meet this burden, a plaintiff "must do more than identify in the abstract a

clearly established right and allege that the defendant violated it.  Rather, [a plaintiff] must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity . . ."  Id.  Moreover, a plaintiff must "demonstrate a substantial correspondence between the conduct in question and prior law . . . establishing that the defendant's actions were clearly prohibited."  Id.  Unless a plaintiff can make the requirement showing, the defendant must prevail.  After the plaintiff has sufficiently established that the defendant violated a clearly established right of the plaintiff and that the defendant's actions were strictly prohibited by law, only then does defendant bear the burden, as a movant for summary judgment, of showing no material issues of fact remain that would defeat the claim of qualified immunity.  Id.

Here, Mr. Martinez does not identify a clearly established right which was violated by the Defendant's conduct.  Rather, Plaintiff broadly asserts that Defendants violated his constitutional rights by illegally arresting him and illegally or falsely imprisoning or detaining him after the arrest.  Though he claims the search warrant for his vehicle and the search of his Cadillac were unlawful, Mr. Martinez does not identify how or why the arrest or detention was illegal.

Other than asserting that his needle exchange card somehow vests him with the authority to carry on his person drug contraband or drugs, Mr. Martinez has not submitted any evidence to challenge the probable cause supporting his arrest.  Additionally, Plaintiff has not shown there were any material misstatements in the search warrant.  Rather, Mr. Martinez simply alleges the execution of the warrant was premature.  As such, Mr. Martinez has failed to allege sufficient facts to meet his burden, has failed to demonstrate that his rights were violated, and has failed to show that Defendants' actions clearly violated established constitutional rights.  Accordingly, the

Court finds Defendants, as government officials, are entitled to qualified immunity in this case as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

**C.    Summary**

The evidence submitted by Mr. Martinez in an attempt to show that Defendants' are not entitled to summary judgment "is non-specific and otherwise non-responsive, vague, conclusory, [and] self-serving." See Piercy, 480 F.3d at 1197-98.  Because Defendants have established that there are no genuine issues of material fact and that they are, therefore, entitled to summary judgment as a matter of law, the Court finds Defendants' Motion for Summary Judgment should be granted and that Plaintiff's Civil Rights Complaint should be dismissed.  Given the findings above, the Court also recommends Plaintiff's Motion for a Telephonic Hearing and his Motion for Summary Judgment be denied as moot.

**WHEREFORE,**

**IT IS HEREBY RECOMMENDED** that Defendants' Motion and Memorandum in Support of Defendants' Motion for Summary Judgment (docket no. 29) be **GRANTED** and Plaintiff's Motion for Hearing (docket no. 30) and Motion for Summary Judgment (docket no. 40) be **DENIED as moot**.

**IT IS FURTHER RECOMMENDED** that Plaintiff Eddie G. Martinez's Civil Rights Complaint brought pursuant to 42 U.S.C. §§ 1983 and 1985 (docket no. 1, exhibit A) be **DISMISSED WITH PREJUDICE**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A**

party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.

_____

UNITED STATES MAGISTRATE JUDGE